IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Weldon Eugene Holtzclaw, Jr., | ) | C/A No. 6:25-cv-9191-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Bond Court 2027, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on Plaintiff's complaint alleging violations of his constitutional rights. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial proceedings and a Report and Recommendation ("Report"). On August 18, 2025, the Magistrate Judge issued a Report recommending that this action be dismissed with prejudice, without issuance and service of process, and without leave to amend. ECF No. 6. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff filed an appeal of the Magistrate Judge's order and objections. ECF Nos. 8, 9.

**APPLICABLE LAW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The

Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## **ANALYSIS**

As an initial matter, the Magistrate Judge has provided a thorough recitation of the relevant facts and applicable law, which the Court incorporates by reference. The Magistrate Judge recommends dismissal of this action because Plaintiff has failed to state a plausible claim for relief and because this action is frivolous. As Plaintiff filed objections, the Court's review has been de novo.

The Court will first address Plaintiff's appeal of the Magistrate Judge's no serve order. In ECF No. 8, Plaintiff makes various allegations against the undersigned and the Magistrate Judge. The Magistrate Judge's order is non-dispositive. Federal Rule of Civil Procedure 72(a) permits a party to submit objections/appeals to a magistrate judge's ruling on non-dispositive matters. Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any [non-dispositive] pretrial matter . . . where it has been shown that the magistrate's order is clearly erroneous or contrary to law."). The

objections/appeal must be filed and served within 14 days after being served a copy of the non-dispositive order. *Id*. Further, the Court's review is governed by the clearly erroneous or contrary to law standard of review. Id. Only if the decision is clearly erroneous or contrary to law may the district judge modify or set aside any portion of the decision. *Id*. A court's "finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364 (1948). The Court has reviewed the Magistrate Judge's order and Plaintiff's appeal. Upon such review, the Court finds that the Magistrate Judge's order is neither clearly erroneous nor contrary to law. Accordingly, the appeal is denied.[1]

The Court now turns to consideration of the Report and Plaintiff's objections. The Magistrate Judge recommends summary dismissal because the bond court is not a person pursuant to 42 U.S.C. § 1983, because any claim that Plaintiff is entitled to bond

---

[1] To the extent any of Plaintiff's filings should be liberally construed as requesting recusal of the undersigned, that request is denied. Recusal of federal judges is generally governed by 28 U.S.C. § 455. Subsection (a) of § 455 provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." In the Fourth Circuit, this standard is analyzed objectively by considering whether a person with knowledge of the relevant facts and circumstances might reasonably question the judge's impartiality. *United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003). It appears that any request for recusal is solely based upon prior rulings in Plaintiff's various cases. However, judicial rulings alone, "almost never constitute a valid basis for a bias or partiality motion." *See Liteky v. U.S.*, 510 U.S. 540, 555 (U.S. 1994). "In and of themselves (*i.e.*, apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism." *Id.* Any such request, therefore, is insufficient as a matter of law to establish any basis for recusal and is denied.

3

fails to state plausible claim for relief, and because the complaint is frivolous. ECF No. 6. In his objections, Plaintiff states that the Greenville County Detention Center is a bond court, that there is no rule of law at the address for the Greenville County Detention Center, that Greenville County is a corporation, and that his complaint is not frivolous. Upon de novo review, the Court agrees with the recommendation of the Magistrate Judge. Plaintiff has not sued a person amenable to suit under § 1983 and his complaint is frivolous on its face. Accordingly, this action is subject to dismissal.[2]

## CONCLUSION

Accordingly, the Court agrees with the recommendation of the Magistrate Judge. Plaintiff's appeal [8] is **DENIED**. This action is **DISMISSED** with prejudice, without issuance and service of process, and without leave to amend.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.<br>
United States District Judge

---

[2] To the extent any of Plaintiff's filings should be liberally construed as requesting recusal of the undersigned, that request is denied. Recusal of federal judges is generally governed by 28 U.S.C. § 455. Subsection (a) of § 455 provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." In the Fourth Circuit, this standard is analyzed objectively by considering whether a person with knowledge of the relevant facts and circumstances might reasonably question the judge's impartiality. *United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003). It appears that any request for recusal is solely based upon prior rulings in Plaintiff's various cases. However, judicial rulings alone, "almost never constitute a valid basis for a bias or partiality motion." *See Liteky v. U.S.*, 510 U.S. 540, 555 (U.S. 1994). "In and of themselves (*i.e.*, apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism." *Id.* Any such request, therefore, is insufficient as a matter of law to establish any basis for recusal and is denied.

October 7, 2025
Spartanburg, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.